OPINION
{¶ 1} This case involves the appeal of a sentence imposed upon defendant-appellant, Lee Weaver, after he pled guilty to one count of endangering children, a second-degree felony, in violation of R.C. 2919.22(B)(1).
 {¶ 2} Following his plea, appellant — who had no prior felony convictions and had never served a prison sentence — was sentenced to four years in prison and five years of post-release control. On appeal, appellant's sole assignment of error claims that the trial court erred by imposing more than the minimum statutory sentence.
 {¶ 3} Second-degree felonies are punishable by a prison term ranging from a minimum of two years to a maximum of eight years. R.C. 2929.14(A)(2). Since appellant had never served a prior prison term, he is entitled to the minimum sentence unless the court finds on the record that the shortest prison term will either demean the seriousness of appellant's conduct or will not adequately protect the public from future crime. R.C. 2929.14-(B). See, also, State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110. Absent these necessary findings, the trial court may not impose more than the minimum sentence upon an individual who has not served a prior prison sentence. Id.
 {¶ 4} The state concedes that the trial court did not make the necessary findings for imposing more than the minimum prison term.[1] Id. See, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 5} Appellant also contends that his sentence was constitutionally invalid under the Supreme Court's recent decision of Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531. We decline to rule on whether the sentence violated appellant's constitutional rights since appellant's nonconstitutional claims are dispositive of this matter. SeeState v. Talty, 103 Ohio St.3d 177, 2004-Ohio-4888, at ¶ 9.
 {¶ 6} Appellant's assignment of error is sustained. The trial court's judgment is reversed and this matter is remanded for resentencing.
Walsh and Valen, JJ., concur.
[1] The state also concedes that appellant was improperly sentenced to five years of post-release control for a second-degree felony that is not a sex offense. See R.C.2967.28(B)(2).